# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CR-14-124-D |
| GUADALUPE RODRIGUEZ, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Guadalupe Rodriguez's Motion to Change Venue [Doc. No. 64] to which the government has filed its response in opposition [Doc. No. 69]. The matter is fully briefed and at issue.

## BACKGROUND

Rodriguez and her co-defendant, Maria De Jesus Maciel, were stopped by New Mexico State Police while traveling on Interstate Highway I-40. Rodriguez and Maciel both gave verbal and written consent to a search of their vehicle, during which New Mexico police discovered a fire extinguisher and a package wrapped in blue duct tape. After being placed under arrest, Maciel indicated that she and Rodriguez were driving methamphetamine from Las Vegas to Oklahoma and that Rodriguez knew it was in the vehicle. Maciel said there were two-and-a-half pounds of methamphetamine in the fire extinguisher and another five pounds in the vehicle's spare tire.

Rodriguez was charged in this district of conspiracy to possess a controlled substance with intent to distribute, in violation of 21 U.S.C. § 846 [Doc. No. 72]. She asks the Court to change venue to either the District of Nevada or the District of New Mexico. Specifically, Rodriguez contends venue is appropriate in either of the aforementioned districts, and not the Western District of Oklahoma, because her charges stem from a traffic stop in New Mexico and any crime occurred in Las Vegas (from which she and Maciel were traveling) or New Mexico (where drugs were found in the vehicle). Mot. at 1. Rodriguez further contends that there is no evidence of any overt acts committed in furtherance of a conspiracy in Oklahoma. *Id*.

## DISCUSSION

"[V]enue is a right of constitutional dimension, [which] has been characterized as an element of every crime." *United States v. Foy*, 641 F.3d 455, 466 (10th Cir. 2011) (quoting *United States v. Miller*, 111 F.3d 747, 749 (10th Cir. 1997) (paraphrasing in original). In criminal cases, "[v]enue is a fact question, normally decided by the jury." *United States v. Cryar*, 232 F.3d 1318, 1323 (10th Cir. 2000) (citing *Miller*, 111 F.3d at 749); *United States v. Rinke*, 778 F.2d 581, 584 (10th Cir. 1985) ("Venue in federal criminal cases is a question of fact which is part of the prosecution's case.") (citations omitted). The government bears the burden to prove proper venue by a preponderance of direct or circumstantial

2

evidence. *Miller*, 111 F.3d at 751; *United States v. Cope*, 676 F.3d 1219, 1224 (10th Cir. 2012).

"Venue is generally proper 'in a district where the offense was committed.'" *Foy*, 641 F.3d at 466 (quoting Fed. R. Crim. P. 18); *see also* 18 U.S.C. § 3237(a) (Venue is proper in any district where the offense was "begun, continued or completed.")."When the crime charged is conspiracy, 'venue as to prosecution of all members of the conspiracy lies either in the jurisdiction in which the conspiratorial agreement was formed or in any jurisdiction in which an overt act in furtherance of the conspiracy was committed by any of the conspirators.'" *Foy*, 641 F.3d at 466 (quoting *Rinke*, 778 F.2d at 584); *United States v. Smith*, 692 F.2d 693, 697 (10th Cir. 1982).

Here, Defendant's factual challenge to venue creates a disputed fact issue that would require the Court, in essence, to render a pre-trial evidentiary ruling as to venue. The Court finds such a course at this stage impermissibly invades the province of the jury to decide such matters, and Defendant's motion is therefore denied, without prejudice to Defendant's right to contest venue at trial.

## CONCLUSION

Accordingly, Defendant's Motion to Change Venue [Doc. No. 64] is **DENIED**.

**IT IS SO ORDERED** this 8th day of December, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE